JEFFREY E. OSTROW
(SBN 213118)
jostrow@stblaw.com
JONATHAN C. SANDERS
(SBN 228785)
jsanders@stblaw.com
SIMPSON THACHER &
BARTLETT LLP
2550 Hanover Street
Palo Alto, California 94304
Telephone: (650) 251-5000
Facsimile: (650) 251-5002

KERRY L. KONRAD (*pro hac vice*)
kkonrad@stblaw.com
VICTOR COLE (*pro hac vice*)
vcole@stblaw.com
SIMPSON THACHER &
BARTLETT LLP
425 Lexington Avenue
New York, New York 10017-3954
Telephone: (212) 455-2000
Facsimile: (212) 455-2502

Attorneys for Plaintiff
CSR TECHNOLOGY INC.

HENRY C. BUNSOW
(SBN 60707)
hbunsow@dl.com
BRIAN A.E. SMITH
(SBN 188147)
baesmith@dl.com
MATTHEW F. GREINERT
(SBN 239492)
mgreinert@dl.com
DEWEY & LEBOEUF LLP
Post Montgomery Center
One Montgomery Street, Suite 3500
San Francisco, CA 94104
Telephone: (415) 951-1100
Facsimile: (415) 951-1180

Attorneys for Defendant
BANDSPEED INC.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

## SOUTHERN DIVISION

| | |
|---|---|
| CSR TECHNOLOGY INC., <br><br> Plaintiff, <br><br> v. <br><br> BANDSPEED INC., <br><br> Defendant. | Case No. SACV11-494 MRP (MLGx) <br><br> **[PROPOSED] PROTECTIVE ORDER** |

1    WHEREAS, Plaintiff CSR Technology Inc. (CSR) and Defendant

2   Bandspeed, Inc. (BANDSPEED) (collectively, "the Parties") believe that certain

3   information that is or will be encompassed by discovery demands by the Parties

4   involves the production or disclosure of trade secrets, confidential business

5   information, or other proprietary information;

6    WHEREAS, the Parties seek a protective order limiting disclosure thereof

7   pursuant to Federal Rule of Civil Procedure 26(c):

8    THEREFORE, it is hereby stipulated among the Parties and ORDERED

9   that:

10  1. Each Party may designate as confidential for protection under this Order, in

11     whole or in part, any document, information or material that constitutes or

12     includes, in whole or in part, confidential or proprietary information or trade

13     secrets of the Party or a Third Party to whom the Party reasonably believes it

14     owes an obligation of confidentiality with respect to such document,

15     information or material ("Designated Material").[1]  Designated Material shall be

16     designated by the Party producing it by affixing a legend or stamp on such

17     document, information or material as follows: "CONFIDENTIAL,"

18     "RESTRICTED - OUTSIDE ATTORNEYS' EYES ONLY," or

19     "RESTRICTED CONFIDENTIAL SOURCE CODE."  The designation shall

20     be placed clearly on each page of the Designated Material (except deposition

21     and hearing transcripts) for which such protection is sought.  For deposition

22     and hearing transcripts, the designation shall be placed on the cover page of the

23     transcript (if not already present on the cover page of the transcript when

24     received from the court reporter) by each attorney receiving a copy of the

---

[1]    The term DESIGNATED MATERIAL is used throughout this Protective Order to refer to the class of materials designated as "CONFIDENTIAL," "RESTRICTED -OUTSIDE ATTORNEYS' EYES ONLY," or "RESTRICTED CONFIDENTIAL SOURCE CODE," both individually and collectively.

1    transcript after that attorney receives notice of the designation of some or all of
2    that transcript.

3
4  2.  Any document produced before issuance of this Order with the designation
5      "Confidential" shall receive the same treatment as if designated "Confidential"
6      under this Order, unless and until such document is redesignated to have a
7      different classification under this Order.  Any document produced before
8      issuance of this Order with the designation "Confidential – Outside Attorney's
9      Only," "Confidential – Attorneys' Eyes Only," or "Attorneys' Eyes Only" shall
10     receive the same treatment as if designated "RESTRICTED – OUTSIDE
11     ATTORNEYS' EYES ONLY" under this Order unless and until such
12     document is redesignated to have a different classification under this Order.

13 3.  With respect to documents, information, or material designated
14     "CONFIDENTIAL," "RESTRICTED - OUTSIDE ATTORNEYS' EYES
15     ONLY," or "RESTRICTED CONFIDENTIAL SOURCE CODE," subject to
16     the provisions herein and unless otherwise stated, this Order governs, without
17     limitation: (a) all documents, electronically stored information, and/or things as
18     defined by the Federal Rules of Civil Procedure; (b) all pretrial, hearing or
19     deposition testimony, or documents marked as exhibits or for identification in
20     depositions and hearings; (c) pretrial pleadings, exhibits to pleadings and other
21     court filings; (d) affidavits and declarations; (e) stipulations; and (f) any
22     communications or presentations by the parties or their counsel that contain,
23     reflect, or reveal Designated Material.  All copies, reproductions, extracts,
24     digests and complete or partial summaries prepared from any DESIGNATED
25     MATERIALS shall also be considered DESIGNATED MATERIAL and
26     treated as such under this Order.

27
28

4. A designation of Designated Material (*i.e.*, "CONFIDENTIAL," "RESTRICTED - OUTSIDE ATTORNEYS' EYES ONLY," or "RESTRICTED CONFIDENTIAL SOURCE CODE") may be made at any time.  Inadvertent or unintentional production of documents, information, or material that has not been designated as DESIGNATED MATERIAL shall not be deemed a waiver in whole or in part of a claim for confidential treatment.  Any party that inadvertently or unintentionally produces documents, information, or material without designating it as DESIGNATED MATERIAL may request destruction of that Designated Material by notifying the recipient(s), within 14 days after the producing Party becomes aware of the inadvertent or unintentional disclosure, and providing replacement Designated Material that is properly designated.  The recipient(s) shall then destroy all copies of the inadvertently or unintentionally produced Designated Materials and any documents, information or material derived from or based thereon.

5. "CONFIDENTIAL" documents, information, and material may be disclosed only to the following persons, except upon receipt of the prior written consent of the designating party, upon order of the Court, or as set forth in paragraph 12 herein:

    (a) outside counsel of record in this Action for the Parties;

    (b) employees of such counsel assigned to and reasonably necessary to assist such counsel in the litigation of this Action;

    (c) in-house counsel for the Parties who either have responsibility for making decisions dealing directly with the litigation of this Action, or who are assisting outside counsel in the litigation of this Action;

    (d) one (1) Bandspeed and one (1) CSR designated representative to the extent reasonably necessary for the litigation of this Action.  Before access is given to the designated representative discussed in this paragraph, the

representatives (i) shall complete the agreement attached as Appendix A hereto agreeing to be bound by the terms of this protective order and identifying the person's name (Undertaking) and (ii) the receiving Party shall deliver such Undertaking to the producing Party.  Bandspeed's representative shall be Ben Jones; CSR's representative shall be Chris Neal; (e) outside consultants or experts (*i.e.*, not existing employees or affiliates of a Party or an affiliate of a Party) retained for the purpose of this litigation, provided that: (1) such consultants or experts are not presently employed by the Parties hereto for purposes other than this Action; (2) before access is given, the consultant or expert (i) has completed the Undertaking attached as Appendix B hereto agreeing to be bound by the terms of this protective order and identifying the person's name and current employer, and (ii) such Undertaking, a current curriculum vitae of the consultant or expert, and an identification of any work performed by that person for or on behalf of any party in this action since June of 2006 has been delivered as required by this paragraph 5(e).  The Undertaking of outside consultants or experts to whom DESIGNATED MATERIAL is disclosed shall be maintained by outside counsel for the receiving party with copies delivered to outside counsel for the producing Party at least ten (10) days before access to the DESIGNATED MATERIAL is provided.  If a producing Party objects to disclosure of DESIGNATED MATERIAL to the consultant or expert, the Parties agree to promptly confer and use good faith to resolve any such objection.  If the Parties are unable to resolve any objection, the objecting Party may file a motion with the Court within ten (10) days of receipt of the Undertaking, or within such other time as the Parties may agree, seeking a protective order with respect to the proposed disclosure.  The objecting Party shall have the burden of proving the need for a protective order.  No disclosure shall occur until all such objections

are resolved by agreement or Court order.  The Undertaking of outside consultants or experts to whom DESIGNATED MATERIAL is disclosed shall be maintained by outside counsel for the receiving Party and made available to the Court upon the Court's request.

(f) independent litigation support services, including persons working for or as court reporters, graphics or design services, jury or trial consulting services, and photocopy, document imaging, and database services retained by counsel and reasonably necessary to assist counsel with the litigation of this Action; and

(g) the Court and its personnel.

6.  Subject to paragraph 5(d) above, a party shall not disclose or share any DESIGNATED MATERIAL with any witness in this case or any other case, including but not limited to use in depositions, absent further order of the Court.  Should any party enter into an agreement, either written or oral, to share their confidential information in any manner, they must notify the Court of the terms of the agreement within 10 days of the agreement.

7.  A Party shall designate documents, information, or material as "CONFIDENTIAL" only upon a good faith belief that the documents, information, or material contains confidential or proprietary information or trade secrets of the Party or a Third Party to whom the Party reasonably believes it owes an obligation of confidentiality with respect to such documents, information or material.

8.  Documents, information, or material produced pursuant to any discovery request in this Action, including but not limited to DESIGNATED MATERIAL, shall be used by the Parties only in the litigation of this Action and shall not be used for any other purpose without further order of the Court.

Any person or entity who obtains access to DESIGNATED MATERIAL or the contents thereof pursuant to this Order shall not make any copies, duplicates, extracts, summaries, or descriptions of such DESIGNATED MATERIAL or any portion thereof except as may be reasonably necessary in the litigation of this Action.  Any such copies, duplicates, extracts, summaries, or descriptions shall be classified DESIGNATED MATERIALS and subject to all of the terms and conditions of this Order.

9.  To the extent a producing Party believes that certain documents, information, or material qualifying to be designated CONFIDENTIAL is so sensitive that its dissemination deserves even further limitation, the producing Party may designate such documents, information, or material as "RESTRICTED – OUTSIDE ATTORNEYS' EYES ONLY," or to the extent such documents, information, or material includes Source Code Material, the producing Party may designate such documents, information, or material as "RESTRICTED CONFIDENTIAL SOURCE CODE."  Nothing shall be regarded as "CONFIDENTIAL," "RESTRICTED -- OUTSIDE ATTORNEYS' EYES ONLY," or "RESTRICTED CONFIDENTIAL SOURCE CODE" information if it is information that either:

   (a) is in the public domain at the time of disclosure, as evidenced by a written document;

   (b) becomes part of the public domain through no fault of the other party, as evidenced by a written document;

   (c) the receiving party can show by written document that the information was in its rightful and lawful possession at the time of disclosure; or

   (d) the receiving party lawfully receives such information at a later date from a third party without restriction as to disclosure, provided such third party has the right to make the disclosure to the receiving party.

10. For Designated Material designated RESTRICTED—OUTSIDE ATTORNEYS' EYES ONLY or RESTRICTED CONFIDENTIAL SOURCE CODE, access to, and disclosure of, such Designated Material shall be limited to individuals listed in paragraphs 5(a-b) and (e-g).

11. For Designated Material designated RESTRICTED CONFIDENTIAL SOURCE CODE, the following additional restrictions apply:

(a) "Source Code Material" means, without limitation, source code, computer code, formulas , engineering specifications, or schematics that define or otherwise describe in detail the algorithms or structure of software designs.  Source Code Material includes, without limitation, computer code, scripts, assembly, object code, source code listings and descriptions of source code, object code listings and descriptions of object code, and similarly sensitive implementation details.  Source Code Material produced in the course of this litigation shall include where applicable and without limitation executable code software, the Source Code software, and, if reasonably available, any operating system software needed to execute the Source Code Material and executable code, perform searches, and print paper copies;

(b) Access to a Party's Source Code Material shall be provided only on "standalone" computer(s) (that is, the computer may not be linked to any network, including a local area network ("LAN"), an intranet, or the Internet, except to a printer as set out below, and access to which is controlled by the use of confidential passwords or codes used to log onto the computer) ("Stand-Alone Computer").  Except as provided in paragraph 11(k) below, the Parties must agree to produce all Source Code Material either at (1) a single, agreed upon escrow facility located in Texas or

---

California ("Secure Facility"), or (2) the offices of one of the producing Parties' outside counsel located in Texas or California;

(c) Access to the stand alone computer(s) containing the Source Code Material must be made available to the receiving Party during normal business hours.  Normal business hours for purposes of this paragraph shall be 8:30 a.m. to 5:30 p.m.  However, upon reasonable notice from the receiving party, the producing Party shall make reasonable efforts to accommodate the receiving Party's request for access to the stand-alone computer(s) outside of normal business hours.  The Parties agree to cooperate in good faith such that maintaining the producing Party's Source Code Material at the offices of one of the producing Parties' outside counsel located in California shall not unreasonably hinder the receiving Party's ability to efficiently and effectively conduct the prosecution or defense of this Action.  The producing Party shall provide the receiving Party with information explaining how to start, log on to, and operate the stand-alone computer(s) in order to access the produced Source Code Material on the stand-alone computer(s);

(d) The producing Party will produce Source Code Material in computer searchable format on the stand-alone computer(s) as described above;

(e) Access to Designated Material designated RESTRICTED CONFIDENTIAL - SOURCE CODE shall be limited to outside counsel and up to three (3) outside consultants or experts[2] (*i.e.*, not existing employees or affiliates of a Party or an affiliate of a Party) retained for the purpose of this litigation and approved to access such Designated Materials

---

[2] For the purposes of this paragraph, an outside consultant or expert is defined to include the outside consultant's or expert's direct reports and other support personnel, such that the disclosure to a consultant or expert who employs others within his or her firm to help in his or her analysis shall count as a disclosure to a single consultant or expert.

pursuant to paragraph 5(e) above.  A receiving Party may include excerpts of Source Code Material in a pleading, exhibit, expert report, discovery document, deposition transcript, other Court document, provided that the Source Code Material is appropriately marked under this Order, restricted to those who are entitled to have access to them as specified herein, and, if filed with the Court, filed under seal in accordance with the Court's rules, procedures, and orders;

(f) To the extent portions of Source Code Material are quoted in a document, either (1) the entire document will be stamped and treated as RESTRICTED CONFIDENTIAL SOURCE CODE or (2) those pages containing quoted Source Code Material will be separately stamped and treated as RESTRICTED CONFIDENTIAL SOURCE CODE;

(g) Except as set forth in paragraph 11(k) below, no electronic copies of Source Code Material shall be made without prior written consent of the producing Party, except as necessary to create documents which, pursuant to the Court's rules, procedures, and order, must be filed or served electronically;

(h) The receiving Party shall be permitted to make a reasonable number of printouts and photocopies of Source Code Material, all of which shall be designated and clearly labeled "RESTRICTED CONFIDENTIAL SOURCE CODE," and the receiving Party shall maintain a log of all such files that are printed or photocopied.

(i) Should such printouts or photocopies be transferred back to electronic media, such media shall be labeled "RESTRICTED CONFIDENTIAL SOURCE CODE," and shall continue to be treated as such;

(j) If the receiving Party's outside counsel, consultants, or experts obtain printouts or photocopies of Source Code Material, the receiving Party shall ensure that such outside counsel, consultants, or experts keep the printouts

or photocopies in a secured locked area in the offices of such outside counsel, consultants, or expert.  The receiving Party may also temporarily keep the printouts or photocopies at: (i) the Court for any proceedings(s) relating to the Source Code Material, for the dates associated with the proceeding(s); (ii) the sites where any deposition(s) relating to the Source Code Material are taken, for the dates associated with the deposition(s); and (iii) any intermediate location reasonably necessary to transport the printouts or photocopies (*e.g.*, a hotel prior to a Court proceeding or deposition);  and

(k) A producing Party's Source Code Material may only be transported by the receiving Party at the direction of a person authorized under paragraph 11(e) above to another person authorized under paragraph 11(e) above, on paper or removable electronic media (*e.g.*, a DVD, CD-ROM, or flash memory "stick") via hand carry, Federal Express, or other similarly reliable courier.  Source Code Material may not be transported or transmitted electronically over a network of any kind, including a LAN, an intranet, or the Internet.  Source Code Material may only be transported electronically for the purpose of Court proceeding(s) and deposition(s) as set forth in paragraph 11(j) above and is at all times subject to the transport restrictions set forth herein.  But, for those purposes only, the Source Code Materials may be loaded onto a Stand-Alone computer.

12. Any person associated with a party who is permitted to receive another Party's Designated Material that is designated RESTRICTED – ATTORNEYS' EYES ONLY and/or RESTRICTED CONFIDENTIAL SOURCE CODE (collectively "HIGHLY SENSITIVE MATERIAL"), who obtains, receives, has access to, or otherwise learns, in whole or in part, of another Party's HIGHLY SENSITIVE MATERIAL under this Order shall not prepare, prosecute,

supervise, or assist in the preparation or prosecution of any patent application claiming priority to a patent-in-suit, except that outside counsel for a party in this action may participate in any reexamination proceeding with respect to a patent-in-suit or any patent application claiming priority to a patent-in-suit.

13. Nothing in this Order shall require production of documents, information, or other material that a Party contends is protected from disclosure by the attorney- client privilege, the work product doctrine, or other privilege, doctrine, or immunity.  If documents, information, or other material subject to a claim of attorney-client privilege, work product doctrine, or other privilege, doctrine, or immunity is inadvertently or unintentionally produced, such production shall in no way prejudice or otherwise constitute a waiver of, or estoppel as to, any such privilege, doctrine, or immunity.  Any Party that inadvertently or unintentionally produces documents, information, or other material it reasonably believes are subject to the attorney-client privilege, work product doctrine, or other privilege, doctrine, or immunity may obtain the return of such documents, information, or other material by promptly notifying the recipient(s) and providing a privilege log for the inadvertently or unintentionally produced documents, information or other material.  The recipient(s) shall gather and return all copies of such documents, information, or other material to the producing Party, except for any pages containing privileged or otherwise protected markings by the recipient(s), which pages shall instead be destroyed and certified as such to the producing Party. Nothing in this Order shall prevent a party from challenging an alleged privilege or conducting discovery on the applicability of an alleged privilege.

14. There shall be no disclosure of any DESIGNATED MATERIAL by any person authorized to have access thereto to any person who is not authorized for such access under this Order.  The Parties are hereby ORDERED to

safeguard all such documents, information, and material to protect against disclosure to any unauthorized persons or entities.

15. Nothing contained herein shall be construed to prejudice any Party's right to use any DESIGNATED MATERIAL in taking testimony at any deposition or hearing, provided that the DESIGNATED MATERIAL is only disclosed to a person(s) who is: (i) eligible to have access to the DESIGNATED MATERIAL by virtue of his or her employment with the designating party, (ii) identified in the DESIGNATED MATERIAL as an author, addressee, or copy recipient of such information, (iii) although not identified as an author, addressee, or copy recipient of such DESIGNATED MATERIAL, has, in the ordinary course of business, seen such DESIGNATED MATERIAL, (iv) a current or former officer, director, or employee of the producing Party or a current or former officer, director, or employee of a company affiliated with the producing Party; (v) a person designated to testify by a producing Party under Fed. R. Civ. P. 30(b)(6); (vi) outside counsel for a Party (subject to paragraph 10 of this Order); (vii) an independent contractor, consultant, and/or expert retained for the purpose of this litigation; (viii) court reporters and videographers; (ix) the Court; or (x) other persons entitled hereunder to access to DESIGNATED MATERIAL.  DESIGNATED MATERIAL shall not be disclosed to any other persons unless prior authorization is obtained from counsel representing the producing Party or from the Court.

16. Parties may, at the deposition or hearing or within thirty (30) days after receipt of a deposition or hearing transcript, designate the deposition or hearing transcript or any portion thereof as "CONFIDENTIAL," "RESTRICTED – ATTORNEY' EYES ONLY," or "RESTRICTED CONFIDENTIAL SOURCE CODE" pursuant to this Order.  Access to the deposition or hearing transcript so designated shall be limited in accordance with the terms of this Order.  Until

expiration of the 30-day period, the entire deposition or hearing transcript shall be treated as confidential.

17. Any DESIGNATED MATERIAL that is filed with the Court shall be filed under seal pursuant to Local Civil Rule 79-5.1 of the United States District Court for the Central District of California.  The filing party shall be responsible for adhering to the procedures set forth by the Rule.  If a pretrial pleading filed with the Court, or an exhibit thereto, discloses or relies on confidential documents, information, or material, such confidential portions shall be redacted to the extent necessary and the pleading or exhibit filed publicly with the Court.

18. The Order applies to pretrial discovery.  Nothing in this Order shall be deemed to prevent the Parties from introducing any DESIGNATED MATERIAL into evidence at the trial of this Action, or from using any information contained in DESIGNATED MATERIAL at the trial of this Action, subject to any pretrial order issued by this Court.

19. A party shall not be obligated to challenge the propriety of a designation as "CONFIDENTIAL," "RESTRICTED – OUTSIDE ATTORNEYS' EYES ONLY," or "RESTRICTED CONFIDENTIAL SOURCE CODE" at the time made, and a failure to do so shall not preclude a subsequent challenge thereto. In the event any party to this Action disagrees at any state of these proceedings with the designation by the designating party of any information as "CONFIDENTIAL," "RESTRICTED – OUTSIDE ATTORNEYS' EYES ONLY," or "RESTRICTED CONFIDENTIAL SOURCE CODE," the parties shall first try to resolve such dispute in good faith on an informal basis, such as by production of redacted copies.  If the dispute cannot be resolved, the objecting Party may apply to the Court for relief.  Upon any such application to

the Court, the burden shall be on the designating Party to show why its classification is proper. Such application shall be treated procedurally as a motion to compel pursuant to Federal Rules of Civil Procedure 37, subject to the Rule's provisions relating to sanctions. In making such application, the requirements of the Federal Rules of Civil Procedure and the Local Rules of the Court shall be met. Pending the Court's determination of the application, the designation of the designating Party shall be maintained.

20. The parties may, by stipulation, provide for exceptions to this order, and any party may seek an order of this Court modifying this Protective Order.

21. To the extent that any discovery is taken of persons who are not Parties to this Action ("Third Parties"), and in the event that such Third Parties contend the discovery sought involves trade secrets, confidential business information, or other proprietary information, then such Third Parties may agree to be bound by this Order.

22. To the extent that discovery or testimony is taken of Third Parties, the Third Parties may designate as "CONFIDENTIAL" or "RESTRICTED – OUTSIDE ATTORNEYS' EYES ONLY" any documents, information, or other material, in whole or in part, produced or give by such Third Parties. The Third Parties shall have ten (10) days after production of such documents, information, or other materials to make such a designation. Until that time period lapses or until such a designation has been made, whichever occurs sooner, all documents, information, or other material so produced or given shall be treated as "CONFIDENTIAL" in accordance with this Order.

23. Within thirty (30) days of final termination of this Action, including any appeals, all DESIGNATED MATERIAL, including all copies, duplicates, abstracts, indexes, summaries, descriptions, and excerpts or extracts thereof

(excluding excerpts or extracts incorporated into any privileged memoranda of the Parties and materials which have been admitted into evidence in this Action), shall at the producing Party's election either be returned to the producing Party or be destroyed. The receiving Party shall verify the return or destruction of DESIGNATED MATERIAL by declaration furnished to the producing Party, upon the producing Party's request.

24. The failure to designate documents, information, or material in accordance with this Order and the failure to object to a designation at a given time shall not preclude the filing of a motion at a later date seeking to impose such designation or challenging the propriety thereof. The entry of this Order and/or the production of documents, information, and material hereunder shall in no way constitute a waiver of any objection to the furnishing thereof, all such objections being hereby preserved.

25. Any Party knowing or believing that any other party is in violation of or intends to violate this Order and has raised the question of violation or potential violation with the opposing party and has been unable to resolve the matter by agreement may move the Court for such relief as may be appropriate in the circumstances. Pending disposition of the motion by the Court, the Party alleged to be in violation of or intending to violate this Order shall discontinue the performance of and/or shall not undertake the further performance of any action alleged to constitute a violation of this Order.

26. Production of DESIGNATED MATERIAL by each of the Parties shall not be deemed a publication of the documents, information, and material (or the contents thereof) produced so as to void or make voidable whatever claim the Parties may have as to the proprietary and confidential nature of the documents, information, or other material or its contents.

27. Nothing in this Order shall be construed to effect an abrogation, waiver, or limitation of any kind on the rights of each of the Parties to assert any applicable discovery or trial privilege.

28. Further, nothing in this Order shall bar counsel from rendering advice to their client with respect to this litigation and, in the course thereof, relying upon any DESIGNATED MATERIAL, provided that counsel does not disclose DESIGNATED MATERIAL in a manner not specifically authorized under this Order.

29. Notwithstanding any provision to the contrary, this Order shall not (1) require any entity, organization, or person to conceal the actual commission of a felony cognizable by a court of the United States from some judge or other person in civil authority under the United States; or (2) prevent any entity, organization, or person, from making known as soon as possible the actual commission of a felony cognizable by a court of the United States to some judge or other person in civil authority under the United States.

30. Each of the Parties shall also retain the right to file a motion with the Court (a) to modify this Order to allow disclosure of DESIGNATED MATERIAL to additional persons or entities if reasonably necessary to prepare and present this Action and (b) to apply for additional protection of DESIGNATED MATERIAL.

IT IS SO ORDERED.

Dated:  January 17, 2012

The Honorable Mariana R. Pfaelzer
United States District Court Judge

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**SOUTHERN DIVISION**

CSR TECHNOLOGY INC.,

                    Plaintiff,

     v.

BANDSPEED INC.,

                  Defendant.

Case No. SACV11-494 MRP (MLGx)

---

**APPENDIX A**

**AGREEMENT TO BE BOUND BY PROTECTIVE ORDER**

I, _____, residing at _____

_____, declare under penalty of perjury that I have read in its entirety and understand the Protective Order that was issued by the United States District Court for the Central District of California on _____, 201_ in the case of CSR Technology Inc. v. Bandspeed Inc., No. 11-cv-494.

I agree to comply with and be bound by all the terms of this Protective Order and promise that I will not disclose in any manner any information or item that is subject to this Protective Order to any person or entity except in compliance with the provisions of this Order.  I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the terms of this Protective Order.

Date: _____

By:   _____

Printed Name: _____

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**SOUTHERN DIVISION**

CSR TECHNOLOGY INC.,

                     Plaintiff,

     v.

BANDSPEED INC.,

                   Defendant.

Case No. SACV11-494 MRP (MLGx)

**APPENDIX B**

**UNDERTAKING OF EXPERTS OR CONSULTANTS REGARDING PROTECTIVE ORDER**

     I, _____, declare that:

1.    My address is _____.

       My current employer is _____.

       My current occupation is _____.

2.    I have received a copy of the Protective Order in this action.  I have carefully read and understand the provisions of the Protective Order.

3.    I will comply with all of the provisions of the Protective Order.  I will hold in confidence, will not disclose to anyone not qualified under the Protective Order, and will use only for purposes of this action any information designated as "CONFIDENTIAL  INFORMATION," "OUTSIDE ATTORNEYS' EYES ONLY INFORMATION," or "ATTORNEYS' EYES ONLY—SOURCE CODE INFORMATION".

4.    Promptly upon termination of these actions, I will return all documents and things designated as "CONFIDENTIAL  INFORMATION," "OUTSIDE

ATTORNEYS' EYES ONLY INFORMATION," or "ATTORNEYS' EYES ONLY—SOURCE CODE INFORMATION" that came into my possession, and all documents and things that I have prepared related thereto, to the outside counsel for the party by whom I am employed.

5.   I hereby submit to the jurisdiction of this Court for purposes of enforcement of the Protective Order in this action.

Signature: _____

Date: _____